## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARC WATERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| APRIA, INC. JOHN G. FIGUEROA, | ) | |
| MICHAEL AUDET, JOHN R. MURPHY, | ) | |
| NORMAN C. PAYSON, DEVON RINKER, | ) | |
| NEIL P. SIMPKINS, LYNN SHAPIRO | ) | |
| SNYDER, DANIEL J. STARCK, MIKE S. | ) | |
| ZAFIROVSKI, TERRI KLINE, and | ) | |
| SUSANNAH GRAY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on January 10, 2022 (the "Proposed Transaction"), pursuant to which Apria, Inc. ("Apria" or the "Company") will be acquired by Owens & Minor, Inc. ("Parent") and StoneOak Merger Sub Inc. ("Merger Sub").

2. On January 7, 2022, Apria's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Parent and Merger Sub. Pursuant to the terms of the Merger Agreement, Apria's stockholders will receive $37.50 in cash for each share of Apria common stock they own.

3.      On February 7, 2022, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.   Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Apria common stock.

9.      Defendant Apria is a Delaware corporation and a party to the Merger Agreement. Apria's common stock is traded on the NASDAQ under the ticker symbol "APR."

10.      Defendant John G. Figueroa is Chairman of the Board of the Company.

11.     Defendant Michael Audet is a director of the Company.

12.     Defendant John R. Murphy is a director of the Company.

13.     Defendant Norman C. Payson is a director of the Company.

14.     Defendant Devon Rinker is a director of the Company.

15.     Defendant Neil P. Simpkins is a director of the Company.

16.     Defendant Lynn Shapiro Snyder is a director of the Company.

17.     Defendant Daniel J. Starck is Chief Executive Officer and a director of the Company.

18.     Defendant Mike S. Zafirovski is a director of the Company.

19.     Defendant Terri Kline is a director of the Company.

20.     Defendant Susannah Gray is a director of the Company.

21.     The defendants identified in paragraphs 10 through 20 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

22.      Apria is a leading provider of integrated home healthcare equipment and related services in the United States.

23.     On January 7, 2022, Apria's Board caused the Company to enter into the Merger Agreement.

24.     Pursuant to the terms of the Merger Agreement, Apria's stockholders will receive $37.50 in cash per share.

25.     According to the press release announcing the Proposed Transaction:

Owens & Minor, Inc. ("Owens & Minor") (NYSE: OMI) and Apria, Inc. ("Apria") (Nasdaq: APR) today announced that the companies have entered into a definitive

agreement pursuant to which Owens & Minor will acquire Apria for $37.50 in cash per share of common stock , representing an equity value of approximately $1.45 billion. . . .

Transaction Details

Under the terms of the agreement, which was unanimously approved by the Board of Directors of each company, Owens & Minor will acquire Apria for $37.50 in cash per share of common stock, representing an equity value of approximately $1.45 billion, as well as the assumption of debt and cash for a total transaction value of approximately $1.6 billion.

This price per share represents a 26% and 24% premium over Apria's closing share price on January 7, 2022 and 30-day volume weighted average price, respectively. The transaction is subject to customary closing conditions, including the Hart Scott Rodino Act and other regulatory approvals and the approval of Apria's stockholders, and is expected to close during the first half of 2022.

Advisors

Evercore acted as the lead financial advisor and J.P. Morgan Securities LLC acted as financial advisor to Owens & Minor in connection with this acquisition. Owens & Minor's legal advisor is Kirkland & Ellis LLP.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

26.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

27.     As set forth below, the Proxy Statement omits material information.

28.     First, the Proxy Statement omits material information regarding the Company's financial projections.

29.     With respect to the Company's financial projections, the Proxy Statement fails to disclose: (i) all line items used to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

30.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

31.     Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, Goldman Sachs.

32.     With respect to Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Proxy Statement fails to disclose: (i) Goldman Sachs' basis for selecting the multiples used in the analysis; (ii) Apria's net debt; (iii) the number of fully-diluted shares of Apria common stock outstanding; and (iv) the individual inputs and assumptions underlying the discount rate.

33.     With respect to Goldman Sachs' Illustrative Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values for the Company; (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates; (iii) Apria's net debt; and (iv) the number of fully-diluted shares of Apria common stock outstanding.

34.     With respect to Goldman Sachs' Premia Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

35.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

36.     The omission of the above-referenced material information renders the Proxy Statement false and misleading.

37.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Apria**

38.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Apria is liable as the issuer of these statements.

40.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

41.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

42.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

43.     The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

44.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

45.     Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

46.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47.     The Individual Defendants acted as controlling persons of Apria within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Apria and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

48.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

49.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

50.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

51.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 16, 2022

**RIGRODSKY LAW, P.A.**

By:   */s/ Gina M. Serra*
      Gina M. Serra (#5387)
      Herbert W. Mondros (#3308)
      300 Delaware Avenue, Suite 210
      Wilmington, DE 19801
      Telephone: (302) 295-5310
      Facsimile: (302) 654-7530
      Email: gms@rl-legal.com
      Email: hwm@rl-legal.com

      *Attorneys for Plaintiff*